UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAVI DARBHA, | ) | |
| | ) | Case No. 10 C 2581 |
| Plaintiff, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | |
| CAPGEMINI AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CAPGEMINI AMERICA INC.'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**CAPGEMINI AMERICA, INC.**

Gerald D. Silver, Esq.
(Admitted Pro Hac Vice)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-5260
Fax: (646) 710-5260

Cheryl Tama Oblander, Esq.
Nathan D. Larsen, Esq.
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, IL 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

Capgemini submits this reply memorandum of law in further support of its motion for summary judgment dismissing Darbha's claims.[1]

## STATEMENT IN REPLY

Darbha's principal argument in opposition to summary judgment is that he was not really terminated because Capgemini lost the Astellas R&D account and there was no other role for which he was qualified, but rather that he was terminated due to Capgemini's erroneous view that his job performance was inadequate. First of all, even if Darbha was in fact terminated for performance, this does not mean that the real reason for his termination was discrimination based on race, national origin or age. Indeed, performance is a legitimate, non-discriminatory reason for an adverse employment decision. Therefore, Darbha cannot meet his burden on summary judgment.

Second, the undisputed evidence demonstrates that Capgemini did in fact terminate Darbha because it lost the Astellas R&D account and there was no other role for Darbha. Indeed, Darbha admits that (i) Astellas transferred the R&D engagement to another consulting company, eliminating Darbha's position, (ii) Capgemini's HR representatives repeatedly tried to place Darbha in other roles, and (iii) the open roles at Capgemini at that time required expertise in SAP software, which Darbha admits he did not have. Darhba presents no facts or evidence to the contrary. Thus, Darbha cannot show that Capgemini's legitimate, non-discriminatory reason for terminating him is a pretext for discrimination, and hence summary

---

[1] For purposes of brevity, abbreviations used in Capgemini's Memorandum of Law In Support of Its Motion For Summary Judgment dated August 19, 2011 ("Capgemini Moving Brief" or "Capgemini Mov. Br.") are utilized herein. Darbha's Memorandum of Law In Opposition To Defendant's Motion for Summary Judgment dated October 15, 2011 is referred to herein as "Darbha's Brief" or "Darbha Br."; exhibits submitted by Darbha are referred to herein as "Darbha Ex.".

judgment is warranted dismissing his claims (see Point I, infra). Further, summary judgment should be granted for numerous other reasons as well (see Point II, infra).

## ARGUMENT

I. **DARBHA CANNOT SHOW PRETEXT.**

"Summary judgment is the 'put up or shut up' stage of the lawsuit and as the plaintiff [Darbha] has the burden to present evidence sufficient to persuade a rational fact finder that he has a legitimate claim." Sendra v. Potter, 2011 WL 2262921, *4 (N.D. Ill. June 9, 2011) (Kendall, J). Darbha has failed to present any such evidence.

As set forth in Capgemini's Moving Brief, Capgemini sets forth a legitimate non-discriminatory reason for terminating Darbha, namely that Capgemini's client Astellas transferred the R&D engagement of which Darbha was a part to another consulting company, thereby eliminating his position, and Darbha could not find another role at Capgemini for which he was qualified, despite having several months to do so. Thus, "the burden shifts back to the plaintiff to show that the employer's reasons are false and only a pretext for discrimination." Duncan v. Thorek Memorial Hospital, 784 F. Supp.2d 910, 918 (N.D. Ill. 2011) (Kendall, J.) ("Duncan").

A. **Darbha's Self-Serving Statements Of Performance Are Insufficient To Show Pretext.**

In his opposition papers, Darbha primarily attempts to establish pretext by claiming that he was an excellent performer, and Capgemini underrated his performance. Darbha submits no third party affidavits, deposition testimony or other objective evidence in support thereof. Thus, he cannot withstand summary judgment, as it is well-settled that a plaintiff's "own self-serving statements regarding his performance . . . are insufficient to contradict an employer's negative assessment of those abilities" or otherwise show pretext.

2

Akinbode v. Motorola, Inc., 2007 WL 2316951, *11 (N.D. Ill. Aug. 13, 2007) (Kendall, J.) ("Akinbode"). Moreover, self-serving assessments of one's own performance do not establish that plaintiff's "national origin, color, or race was the real motivating factor behind his termination as opposed to his poor performance [or the employer's other stated reasons for this termination]." Akinbode, 2007 WL 2316951 at *11. Further, even if Capgemini misjudged Darbha's abilities, "[c]ourts are 'not concerned with whether or not the employer's actions were mistaken, ill considered or foolish, so long as the employer honestly believed those reasons'." Masupha v. Mineta, 551 F. Supp.2d 730, 741 (N.D. Ill. 2008) (Kendall, J.). Thus, Darbha's self-serving assessments of his performance are insufficient to show pretext.

**B.    Darbha's Other Attempts To Show Pretext Are Insufficient.**

Darbha also attempts to establish pretext by noting that the "criteria for reduction" spreadsheet found at Silver Aff. Ex. 37 (the "Spreadsheet"), which expressly states that Darbha was being considered for termination because Astellas transferred the R&D account to another consulting company thereby eliminating his position, also discusses Darbha's performance issues. This argument fails.

As an initial matter, even if Capgemini terminated Darbha for performance reasons -- as opposed to simply because it lost the Astellas R&D account -- this does not mean that Capgemini discriminated against Darbha due to his race, national origin or age. Performance is a legitimate business reason for termination. Akinbode, 2007 WL 2316951 at *11. In any event, Plaintiff cannot establish pretext based on the Spreadsheet.

"Pretext 'means a dishonest explanation, a lie rather than an oddity or an error.'" Duncan, 784 F. Supp.2d at 924 (quoting Kulumani v. Blue Cross Blue Shield Association, 224 F. 3d 681, 685 (7th Cir. 2000) ("Kulumani")). "A 'pretext for discrimination' means more than an unusual act; it means something worse than a business error; 'pretext' means deceit used to cover

3

one's tracks.'" Duncan, 784 F. Supp.2d at 924 (quoting Kulumani, 224 F.3d at 684). "A plaintiff alleging pretext is required to establish that: (1) the proffered reasons are factually baseless; (2) the proffered reasons were not the actual motivation for the decision; or (3) the proffered reasons were insufficient to motivate the decision." Duncan, 784 F. Supp.2d at 924. In other words, "Plaintiff must establish that . . . [the employer's] reasons . . . were merely made up to cover up . . . discriminatory reasons". Everett v. Cook County, 704 F. Supp.2d 794, 812 (N.D. Ill. 2010) (Kendall, J.)

1. **Darbha Does Not Show Capgemini's Reasons Are Factually Baseless.**

The Spreadsheet specifically provides that the reason Darbha was being considered for reduction was because "[t]his position is being outsourced to another AM vendor and the duties will be fulfilled by the new vendor. This is a client requirement to transition this role to another firm" and "[t]he role of this resource is being eliminated by client request" (Silver Aff. Ex. 37 at CG546). This is not factually baseless; indeed Darbha admits Astellas transferred the account to another consulting firm (Darbha Tr. 147-48, 151-52). He also admits that the open roles at Capgemini required SAP expertise, for which he was unqualified (Darbha Tr. 200, 201-202, 207, 217, Silver Aff. Ex. 30). Accordingly, Darbha cannot show that Capgemini's reason for termination is factually baseless.

2. **Darbha Cannot Show That The Proferred Reason Was Not The Actual Motivation For The Decision.**

Capgemini's reason for the termination is supported -- and not contradicted by -- the Spreadsheet because, as set forth above, the Spreadsheet expressly sets forth Capgemini's rationale for termination, not once, but twice. Further, there is no reason to doubt that Capgemini's true reason for terminating Darbha was the loss of the Astellas R&D account and the fact that Darbha lacked the SAP expertise needed to fill any open roles. This is confirmed by

4

the numerous attempts made by Capgemini to try to place Darbha in another position, which Darbha does not dispute occurred (Silver Aff. Exs 30, 31, 32, 35, 36; Darbha Tr. 210). Obviously, if Capgemini's true reason for termination was Darbha's inadequate performance, Capgemini would not have attempted to place him in other roles at Capgemini.

The fact that the Spreadsheet contains a column for adding performance issues to the criteria for reduction and Capgemini identified the fact that Darbha was on a PIP <u>in addition to</u> discussing the loss of the Astellas account and the elimination of Darbha's role does not mean that Capgemini's true reason for termination was performance. Darbha argues otherwise by claiming that the Spreadsheet is inaccurate because, at the time he was terminated, he was no longer on a PIP. However, the Spreadsheet was created between January 7-9, 2009 (Silver Aff. Ex. 40 p. 7)), at which time Darbha was indeed on a PIP, so the Spreadsheet was accurate. That the Spreadsheet may not have been updated subsequently to reflect that Darbha was no longer on a PIP is meaningless. At worst, it is an "oddity or an error" which, as a matter of law, does not mean that Capgemini's stated reason for termination is "dishonest", a "lie", or "deceit used to cover one's tracks". <u>Duncan</u>, 784 F. Supp.2d at 924. Moreover, the fact that Capgemini indisputably found that Darbha had fully completed his obligations under the PIP several months prior to Darbha's employment termination (Darbha Tr. 102) and tried to place him in other roles further undercuts Darbha's claims that he was terminated for performance.

 3. **<u>Darbha Cannot Show That The Proferred Reason Is Insufficient To Motivate The Decision.</u>**

The elimination of a role, and no other open role for which the employee is qualified, is obviously a sufficient reason to terminate an employee, particularly in the consulting business where this is the norm (<u>see</u>, <u>e.g.</u>, Darbha Tr. 7, 8 (admitting he had been terminated by

5

his prior employers, also consulting companies, when his role on certain client engagements was eliminated and he could not find another position)).

* * *

Simply stated, Darbha cannot demonstrate that Capgemini's legitimate business reason for termination is a pretext and that the real reason for the termination was discrimination. This is especially true since it is undisputed that two other Indian/Asians on Capgemini's nine person Astellas R&D team (Nallogonda and Momin) were retained by Capgemini while Darbha was terminated. One other non-Caucasian (Brent, who is African-American) was retained as well. (See Ex. 37). Darhba tries to bolster his claim by arguing that Nallogonda and Momin are no longer with Capgemini. However, that Nallogonda may have been terminated as part of a different reduction in force approximately six months after Darbha's termination is irrelevant, as that decision is separate in time from Darbha's termination and apparently involved different decision-makers and different facts (see Silver Aff. Ex. 37 at CG546). Similarly, although over one year after Darbha's termination, Momin left Capgemini in the U.S., he currently works for Capgemini in India (Silver Aff. Ex. 45), so to the extent relevant at all, this further undercuts Darbha's claim. With regard to Darbha's age discrimination claim, five other employees (out of the nine on his team) were within a year or two of Darbha's age (43) and were retained (Silver Aff. Ex. 37). Darbha fails to show pretext.

## II. DARBHA'S REMAINING ARGUMENTS FAIL.

For the reasons set forth in Capgemini's Moving Memorandum (and undisputed by Darbha), Darbha's claims also fail because (i) Darbha cannot state a prima facie case because he cannot show that Indian/Asians or those in his age group (40s) were treated less favorably than those in other classes, and he also cannot show that he was qualified for any open position at Capgemini (Capgemini Mov. Br. 9-10); (ii) any claim arising from Darbha being placed on the

PIP or receiving a negative performance review fails because neither is an adverse employment action as a matter of law, it is undisputed that the fact that Darbha was on a PIP or had received a negative performance review was not known to those trying to place, or those considering retaining, Darbha (Silver Aff. Ex. 40 p. 33; Darbha Tr. 210-11), and in any event any claim arising therefrom is time-barred (Capgemini Mov. Br. 11); (iii) any unequal pay claim or any claim that Darbha was not a "Domain Lead" are outside the scope of the Charge and are therefore time-barred as a matter of law, and are also utterly devoid of evidence (Capgemini Mov. Br. 11-12); (iv) Darbha's retaliation claim fails because he admits he did not engage in a protected activity (he claims he was retaliated against for complaining about his performance reviews and for engaging in performance activities that Capgemini viewed as inadequate which he claims were not (Darbha Tr. 30; Darbha Tr. 179-80)), and because Capgemini indisputably tried to find him another position at the Company after he "complained" (Capgemini Mov. Br. 14-15); and (v) Darbha does not state any facts legally sufficient to demonstrate harassment or hostile work environment as a matter of law (Capgemini Mov. Br. 15).

Dated: October 28, 2011

CAPGEMINI AMERICA, INC.

By: /s/ Gerald D. Silver
    One of Its Attorneys

Gerald D. Silver, Esq.
(Admitted Pro Hac Vice)
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Phone: (212) 408-5260
Fax: (646) 710-5260
gsilver@chadbourne.com

Cheryl Tama Oblander, Esq.
Nathan D. Larsen, Esq.
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, IL 60602
Phone: (312) 444-9660
Fax: (312) 444-9287
CTama@butlerrubin.com
nlarsen@butlerrubin.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 28, 2011, a copy of the foregoing Defendant Capgemini America Inc.'s Memorandum of Law In Further Support Of Its Motion For Summary Judgment was filed electronically with the Court. The undersigned also certifies that a copy of the foregoing Defendant Capgemini America, Inc.'s Memorandum of Law In Further Support Of Its Motion For Summary Judgment was served by U.S. First Class Mail, postage paid, at 30 Rockefeller Plaza, New York, NY 10112 on:

Ravi Darbha
5034 Carol Street, Apt. 1
Skokie, IL 60077

                                        /s/ Gerald D. Silver
                                        One of the Attorneys for Defendant